DEUTSCHE BANK AG, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–569 T.

United States Court of Federal Claims.

Nov. 3, 2010.

## OPINION

BUSH, Judge.

Now before the court is plaintiff's motion for summary judgment, which has been fully briefed and is ripe for a decision by the court. The parties agree that there are no genuine issues of material fact relevant to the pending motion. Because plaintiff is not entitled to judgment as a matter of law, however, the motion for summary judgment is hereby denied pursuant to Rule 56(c) of the Rules of the United States Court of Federal Claims (RCFC).

## BACKGROUND[1]

Plaintiff seeks to recover unpaid interest on an overpayment of its income taxes for the 1999 taxable year. Such overpayment interest generally accrues from the date of the overpayment, which is deemed to be the applicable deadline for the filing of the income tax return. When a taxpayer does not file its tax return on or before that deadline, however, interest does not begin to accrue until the date on which the income tax return is actually filed "in processible form." Here, plaintiff filed its 1999 income tax return on or before the established due date.

In this instance, defendant argues that the tax return was not in processible form when it was first filed because it did not include two supporting documents that are typically attached to the return. Plaintiff concedes that its initial income tax return was filed without those forms but asserts that its return was nonetheless processible even without them. If the tax return was processible when it was first filed in September 2000, then plaintiff is entitled to approximately $3.5 million in unpaid interest from defendant. However, if the return was not in processible form at that time, then the court must hold a trial or otherwise resolve the factual issue of the exact date on which the tax return and supporting documentation were ultimately filed with defendant. Based on the undisputed evidence in the record here, the court holds that the income tax

Frank Agostino, Hackensack, NJ, for plaintiff.

Michael J. Roney, United States Department of Justice, with whom were John A. DiCicco, Assistant Attorney General, Steven I. Frahm, Chief, Court of Federal Claims Section, and W.C. Rapp, Senior Trial Attorney, Washington, DC, for defendant.

---

1. The facts recounted in this opinion are taken from the parties' submissions and, with two notable exceptions discussed herein, are undisputed for the purposes of the pending motion for summary judgment.

return was not in processible form when it was first filed in September 2000. First, the court finds that plaintiff did not include all of the required documentation with its original income tax return. In addition, the court also finds that the initial return did not itself contain sufficient information to allow the mathematical verification of income tax liability. For those reasons, plaintiff's motion for summary judgment must be denied.

## I. Factual History

Plaintiff Deutsche Bank AG (Deutsche Bank) is a foreign corporation with an office in the United States. Amended Stipulation of Facts (Stip.) ¶¶ 1–2. Although its corporate income tax return for taxable year 1999 was originally due no later than March 15, 2000, plaintiff obtained an automatic extension of time to September 15, 2000 in which to file its income tax return. *Id.* ¶ 4. In accordance with that extension, plaintiff filed its 1999 income tax return, also known as a Form 1120–F, on or before September 15, 2000. *Id.* ¶ 6. That tax return indicated that plaintiff had overpaid its income taxes in 1999 by approximately $81 million. *Id.* ¶¶ 9–10. On the tax return, plaintiff claimed a total of $13,256,721 in credits for taxes withheld at the source during the tax year. *See id.* Ex. 6 at A–112. That aggregate figure was derived from Internal Revenue Service (IRS) documents known as the Form 8805 and the Form 1042–S. In the 1999 taxable year, plaintiff received one Form 8805 and five Forms 1042–S from a total of six different withholding agents. *See id.* Ex. 4 at A–12.

In September or October 2000, defendant returned the tax return to plaintiff as unprocessed, along with a request that plaintiff re-file the return along with the related Forms 1042–S and Form 8805, which were not included with the original return. *Id.* ¶ 13. In response to those instructions, plaintiff subsequently re-filed its tax return along with the requested documents.[2] *Id.* ¶ 14. When it resubmitted its return and the supporting

documents, plaintiff also included a letter informing the government that it had, apparently through a mathematical error, inadvertently claimed approximately $11,000 more in withholding credits on its tax return than it should have. *See id.* Ex. 4 at A–12. Plaintiff did not, however, amend its income tax return to correct that mistake. *See id.* Ex. 6 at A–112. Instead, plaintiff simply requested that defendant adjust its refund accordingly. The IRS processed the resubmitted tax return as filed, without correcting the mathematical error identified by plaintiff in its letter, and plaintiff was issued a refund for approximately $80.7 million. *See id.* Ex. 2 at A–5.

On March 1, 2002, plaintiff filed an amended corporate income tax return, known as a Form 1120–X, for the 1999 taxable year. *Id.* ¶¶ 19–20, Ex. 5. Based on a valuation correction to the original tax return, plaintiff claimed that it was owed a refund for an additional $59,407,822 in overpaid taxes. *Id.* ¶ 21, Ex. 5 at A–15. In November 2002, the IRS issued a refund to plaintiff, including $59,407,822 for the overpayment of its 1999 taxes, as well as $5,110,541 in accrued interest on that overpayment. *Id.* ¶ 23. The amount paid to plaintiff included interest only for the period between January 1, 2001 and November 14, 2002. *Id.* ¶ 24.

On October 28, 2005, plaintiff requested additional interest to cover the period of time between March 15, 2000 and December 31, 2000. *Id.* ¶ 25, Ex. 7. In its request, plaintiff asserted that its 1999 tax return was filed before the applicable due date. *See id.* Ex. 7 at A–210 to A–211. For that reason, according to plaintiff, statutory interest on the overpayment should have started to accrue on March 15, 2000, the original deadline for the tax return. *Id.* Defendant denied the request for additional interest on October 19, 2006. *Id.* ¶ 27, Ex. 8 at A–213 to A–214. According to defendant's disallowance letter, plaintiff was not entitled to any interest that would have accrued prior to January 1, 2001

---

2. The parties disagree as to the exact date on which plaintiff re-filed its tax return and the supporting forms. Plaintiff asserts that those documents were filed with defendant on November 8, 2000, while defendant contends that the

documents were submitted no earlier than January 1, 2001. The parties are in agreement that this factual dispute is not relevant to the pending motion for summary judgment.

because the initial tax return filed by plaintiff in September 2000 was not in processible form. *Id.* Because the IRS determined that the tax return for 1999 was not properly filed before the applicable deadline, plaintiff was entitled to interest only from the date on which the IRS contends the return was actually filed in processible form: January 1, 2001.

On November 14, 2006, plaintiff filed a claim for refund and request for abatement in the amount of $3.5 million to cover the additional interest to which it believes it was entitled. *Id.* ¶ 29, Ex. 9 at A–216 to A–218. The IRS denied that request on or about December 4, 2006. *Id.* ¶ 31, Ex. 10 at A–220 to A–221.

## II. Procedural History

Plaintiff filed its complaint in this case on August 12, 2008, and defendant filed its answer to the complaint on January 29, 2009. Defendant disputed the alleged date on which plaintiff re-filed its income tax return with the requested forms, but its answer otherwise admitted most of the material factual allegations set forth in the complaint.

Plaintiff filed its motion for summary judgment on March 15, 2010. In that motion, plaintiff contends that its 1999 income tax return was in processible form when the tax return was first filed in September 2000. Because its return was complete and timely filed, according to plaintiff, interest on its overpayment of taxes should have begun to accrue on the date of the overpayment: March 15, 2000. Plaintiff argues that neither the Form 8805 nor the Forms 1042–S were required to be filed with the income tax return under any applicable statute or regulation. In addition, plaintiff asserts that the tax liability shown on the return could have been, and was in fact, mathematically verified

by defendant even without the omitted documents. Finally, plaintiff further contends that—even if the missing forms were needed to mathematically verify its income tax return—copies of its Form 8805 and Forms 1042–S were already in defendant's possession when the original tax return was filed and thus could have been retrieved from the IRS's computer database without undue burden.

The government filed its initial response to the motion for summary judgment on June 21, 2010, and subsequently filed a corrected response on July 12, 2010. In its corrected response, defendant first argues that Form 8805 and Form 1042–S are both required to be filed with the income tax return.[3] For that reason alone, according to defendant, the return was not in processible form when first filed. In addition, defendant asserts that the tax return did not on its face contain sufficient information to allow the IRS to substantiate the withholding credits reported on the return. Additionally, defendant disputes the assertion that it could have easily obtained copies of the missing Form 8805 and Forms 1042–S from its database. According to defendant, the various forms submitted by withholding agents, known as information returns, are not correlated to identified taxpayers in the IRS database. As a result, the government asserts it could not have retrieved those forms from its database without undue burden.

Plaintiff filed its reply to defendant's corrected response on July 26, 2010. In its reply, plaintiff first argues that the plain meaning of section 6611 of the Internal Revenue Code (IRC), 26 U.S.C. § 6611 (2006), as well as its legislative history, undermines defendant's assertion that a tax return is not in processible form simply because it does not include all of the required forms.[4] Next,

---

3. In its response, defendant further argues that any suit to recover unpaid interest on an overpayment of taxes requires a waiver of sovereign immunity, and that such waivers must be narrowly construed. *See* Def.'s Resp. at 7. There is no question, however, that this court has subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (2006), over claims, such as the present one, seeking to recover statutory interest on income tax refunds. *See Brown & Williamson, Ltd. v. United States,* 688 F.2d 747, 752

(Ct.Cl.1982) (holding that the United States Court of Claims had jurisdiction to determine the date of overpayment for the purpose of calculating interest under section 6611 of the Internal Revenue Code).

4. The IRC is codified at Title 26 of the United States Code, and regulations promulgated thereunder are codified in Part 26 of the Code of Federal Regulations (Treasury Regulations). The

plaintiff asserts that a tax return is in processible form as long as the return is ultimately processed by the IRS without the need to consult any additional information subsequently submitted by the taxpayer. In addition, plaintiff argues that defendant is incorrect in its assertion that section 6611(g) requires a taxpayer to submit information necessary to allow the IRS to confirm the accuracy or merits of withholding credits claimed on a return. On the contrary, plaintiff contends that provision merely requires the submission of information needed to *mathematically* verify the tax liability shown on the return. Finally, plaintiff asserts that information returns submitted by withholding agents and other third parties are in fact linked to the accounts of individual taxpayers in the IRS database. Based on that assertion, Deutsche Bank contends that defendant could have accessed the Form 8805 and Forms 1042–S without undue burden.

## DISCUSSION

### I. Standard of Review under RCFC 56

 "[S]ummary judgment is a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed.Cir.1987) (internal quotations and citations omitted). The moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(c)(1). A genuine issue of material fact is one that could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A summary judgment "motion may, and should, be granted so long as whatever is before the ... court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex Corp. v.*

court will rely on the IRC and Treasury Regulations in effect at the time of the allowance of the overpayment refund. *See Pottstown Iron Co. v. United States*, 282 U.S. 479, 481, 51 S.Ct. 205, 75

*Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548 (quoting former version of Fed. R.Civ.P. 56(c)). However, the non-moving party has the burden of producing sufficient evidence that there is a genuine issue of material fact in dispute which would allow a reasonable finder of fact to rule in its favor. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Such evidence need not be admissible at trial; nevertheless, mere denials, conclusory statements or evidence that is merely colorable or not significantly probative is not sufficient to preclude summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505; *see also Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835–36 (Fed.Cir.1984) (noting that a party's bare assertion that a fact is in dispute is not sufficient to create a genuine issue of material fact). "The party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant." *Barmag*, 731 F.2d at 836. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

### II. Analysis of Plaintiff's Claims

#### A. Applicable Legal Framework

Under section 6611 of the IRC, taxpayers are entitled to interest on overpayments of their federal income taxes when the govern-

L.Ed. 472 (1931) (relying on the statutory provisions in effect at the time that the Internal Revenue Service allowed the refunds).

ment refunds the overpayment more than forty-five days following the tax return's due date or its filing date, whichever occurs later. 26 U.S.C. § 6611(a). Interest on an overpayment of taxes generally begins to accrue on the date of that overpayment. 26 U.S.C. § 6611(b)(2). When a taxpayer files its tax return by the established filing deadline, the overpayment is deemed to have occurred on the filing deadline. *See* 26 U.S.C. § 6513(b) (2006). However, when the taxpayer does not file its income tax return before that deadline, interest does not begin to accrue on the overpayment until the return is actually filed "in processible form." 26 U.S.C. §§ 6611(b)(3), 6611(g)(1). The IRC provides that a tax return is in processible form when:

> (A) such return is filed on a permitted form, and
>
> (B) such return contains—
>
>> (i) the taxpayer's name, address, and identifying number and the required signature, and
>>
>> (ii) sufficient required information (whether on the return or on required attachments) to permit the mathematical verification of tax liability shown on the return.

26 U.S.C. § 6611(g)(2).

The IRC does not define what information is "sufficient" to allow the mathematical verification of income tax liability on a tax return. However, the United States Court of Appeals for the Federal Circuit has described the information needed for a return to be amenable to such verification:

> Mathematical verifiability requires sufficient information to permit IRS to recalculate and corroborate the mathematics and data reported by the taxpayer. Thus, under Section 6611, a taxpayer must submit, in good faith, all the required forms with the required signatures and enough underlying data for IRS to verify the tax liability shown on the return. The information must be sufficient to enable IRS to calculate the tax liability without undue burden.

*Columbia Gas Sys. v. United States,* 70 F.3d 1244, 1246 (Fed.Cir.1995) (*Columbia Gas* ). Defendant asserts that the standard set forth in *Columbia Gas* provides that a tax return

is mathematically verifiable only when two separate requirements are met. First, the return must include all required forms with all of the required signatures. Second, the return must include sufficient data to allow defendant to confirm the tax liability indicated on the face of the tax return without undue burden. If a tax return fails to meet either of those requirements, according to the IRS, the return is not in processible form because it cannot be mathematically verified.

Plaintiff, in contrast, argues that the government's proposed interpretation of section 6611(g) is at odds with the plain meaning of the statute and its legislative history. First, plaintiff notes that section 6611(g) provides that an income tax return is "in processible form" when it is accompanied by *sufficient* required information to allow the mathematical verification of tax liability. Plaintiff argues that the use of the term "sufficient" in the statute suggests an implicit recognition that a tax return may be processible even without all of the required forms, provided that it includes the data needed to confirm the tax liability shown on the return. Next, plaintiff points out that the supporting information required under section 6611 may be contained "on the return *or* on required attachments...." *See* 26 U.S.C. § 6611(g)(2)(B)(ii). Plaintiff views that language as further support for its preferred interpretation of section 6611(g).

In this case, however, the court need not choose between the conflicting interpretations of section 6611(g) proposed by the parties. On the contrary, the court concludes that—under either standard—plaintiff has failed to demonstrate that the tax return filed in September 2000 was in processible form at that time. As discussed below, the information contained on the tax return itself was insufficient for the purpose of mathematically verifying the tax liability shown on the return, and plaintiff failed to attach required forms which would have provided sufficient information to confirm its tax liability.

**B. Processibility of the Initial Tax Return**

The pending motion for summary judgment turns on whether the 1999 tax return

was "in processible form" when it was first filed in September 2000. Plaintiff concedes that it did not include the Form 8805 or the Forms 1042–S with its initial income tax return, but argues that its return was nonetheless processible at that time because it satisfied all of the requirements set forth in section 6611(g). Defendant acknowledges that the original tax return was filed on a permitted form, *i.e.*, the Form 1120–F, and defendant further acknowledges that the tax return contained all of the information listed in section 6611(g)(2)(B)(i), *i.e.*, the taxpayer's name, address, required signature and identifying number. Here, the parties disagree only as to whether the original income tax return contained "sufficient required information . . . to permit the mathematical verification of tax liability shown on the return." 26 U.S.C. § 6611(g)(2)(B)(ii). Plaintiff argues that such verification was possible without the Form 8805 or Forms 1042–S, while defendant asserts that those forms contained information needed to mathematically verify the tax liability shown on the return.

In addition, defendant further contends that the mere absence of those forms automatically renders the tax return unprocessible, without regard to whether their omission actually precluded the mathematical verification of tax liability. Plaintiff first responds that the attachment of all "required" forms to the tax return is not a prerequisite to processibility under section 6611. Rather, according to plaintiff, section 6611 simply requires that the return contain sufficient information—whether on required forms or the return itself—to mathematically verify the tax liability shown on the return. Plaintiff further argues that, even if the court agrees with defendant that the attachment of all required documents is an essential element of processibility, that Form 8805 and Form 1042–S are not required and their omission did not affect the processibility of its return.

In order to determine whether the original income tax return met the requirements of section 6611(g)(2)(B)(ii), the court must answer three related questions. First, were the Form 8805 and the Forms 1042–S required to be filed with the return? Second,

did the return—in the absence of the Form 8805 and Forms 1042–S—contain sufficient information on its face to allow the mathematical verification of the tax liability indicated therein? Finally, if the return did not itself contain sufficient information, does it matter whether defendant could have used other documents in its possession to verify the tax liability shown on the return without undue burden? As discussed in more detail below, the answers to those questions lead to the conclusion that the income tax return was not in processible form when it was initially filed in September 2000.

### 1. Required Forms

The court must first determine whether the income tax return filed in September 2000 included "all the required forms with the required signatures." *Columbia Gas,* 70 F.3d at 1246. Defendant argues that the Form 8805 and the Forms 1042–S were required forms that should have been filed with the tax return. Plaintiff, on the other hand, responds that those forms were not required under any applicable statute or regulation and that their omission should not have affected the processibility of its tax return. The court will first discuss the characteristics and purposes of the various forms at issue in this case, and will then determine which of those forms were required to be filed with the tax return.

#### a. Form 1120–F

The Form 1120–F is the income tax return filed by foreign corporations that receive income effectively connected to a trade or business in the United States. *See* Def.'s Resp. Ex. 1. In addition to providing general background information about the corporation, the tax return also includes several schedules that are used to report income, gains, losses, deductions and credits for the purpose of calculating the corporation's overall tax liability for a particular year. For a foreign corporation with an office or place of business located within the United States, the filing deadline for the tax return is the fifteenth day of the third month following the end of the taxable year (*i.e.*, March 15, 2000 for the 1999 taxable year). 26 C.F.R. § 1.6072–2 (2010). In this case, however, plaintiff obtained a six-month extension of

time in which to file its tax return, allowing the return to be filed as late as September 15, 2000. It is undisputed that plaintiff filed its Form 1120–F with the IRS before that extended deadline.

Of particular importance here, the Form 1120–F reports the total credit for income taxes that were withheld or paid at the source during the taxable year. Individual withholding credits are reported on various information returns—such as Form 1042–S and Form 8805—and the sum of those individual credits are then reported as a single aggregate amount on Line 6h of the income tax return. While the individual withholding credits are derived from multiple information returns, with each one prepared by a different withholding agent, the Form 1120–F does not subdivide the total figure reported in Line 6h into its various components.

### b. Form 1042–S

The Form 1042–S is a document issued by a withholding agent that has paid fixed or determinable annual or periodic income to a foreign corporation during the taxable year. *See* Def.'s Resp. Ex. 5. The form reports the total income paid to the corporation by that withholding agent, as well as the taxes that were withheld by the agent on behalf of the foreign corporation pursuant to section 1441 or section 1442 of the IRC. The withholding agent prepares five largely identical copies of the Form 1042–S. One of those copies (Copy A) is sent directly to the IRS, *see id.* at E–44, and another copy (Copy E) is retained by the withholding agent for its records, *see id.* at E–50. The withholding agent then sends the three remaining copies of the form to the taxpayer (*i.e.*, the foreign corporation). The Form 1042–S and its instructions provide that one copy of the form (Copy C) is to be attached to the taxpayer's federal income tax return, *see id.* at E–47, one copy (Copy D) is to be attached to its state income tax return, *see id.* at E–49, and the remaining copy (Copy B) is to be retained by the taxpayer for its records, *see id.* at E–45. The sum of the individual withholding credits reported on the Forms 1042–S is combined with any other withholding credits to produce the figure reported on Line 6h of the tax return.

Plaintiff here received five Forms 1042–S for the 1999 taxable year.

### c. Form 8805

Like the Form 1042–S, the Form 8805 is issued by a withholding agent to a taxpayer to report income that is paid or allocated to that taxpayer, as well as any taxes withheld on behalf of that taxpayer. *See* Def.'s Resp. Ex. 3. Specifically, the Form 8805 reports the share of a partnership's taxable income, and the taxes already paid on that income pursuant to section 1446 of the IRC, that have been allocated to an individual foreign partner. In its capacity as a foreign partner in a partnership, Deutsche Bank received a Form 8805 from that partnership for the 1999 taxable year. The withholding agent—in this case, the partnership—provided two copies of the form (Copies B and C) to plaintiff, sent another copy (Copy A) directly to the IRS, *see id.* at E–30, and retained the remaining copy (Copy D) for its records, *see id.* at E–33. As indicated on the face of the various copies of the Form 8805, the taxpayer is required to attach one copy of the form (Copy C) to its federal income tax return, *see id.* at E–32, and retain one copy (Copy B) for its own records, *see id.* at E–31. The instructions for the Form 8805 used in taxable year 1999 likewise provide that "[f]oreign partners must attach Form 8805 to their U.S. income tax returns to claim a credit for their shares of the section 1446 tax withheld by the partnership." *See id.* Ex. 4 at E–35. The income taxes withheld by the partnership and reported on the Form 8805 are also claimed, along with the withholding credits reported on the Forms 1042–S, on Line 6h of the Form 1120–F, and are treated as tax payments that have already been made. Deutsche Bank received only one Form 8805 for the 1999 taxable year.

### d. Applicable Form Requirements

Plaintiff argues that neither the IRC nor the applicable regulations in effect in September 2000 required the attachment of the Form 8805 or the Forms 1042–S to its income tax return. While defendant concedes that the attachment of those documents was not expressly required by the statutes and regulations then in effect, it contends that the submission of those documents was none-

theless required under the terms of the forms themselves, as well as their instructions. Furthermore, according to defendant, applicable regulations provide that income tax returns must be filed in accordance with their instructions and the express terms of all related forms.

The Federal Circuit's decision in *Columbia Gas* held that an income tax return is processible only when it includes, *inter alia*, "all the required forms with the required signatures...." *Columbia Gas*, 70 F.3d at 1246. Nothing in that statement suggests that the term "required forms" includes only those forms that are expressly required by statute or regulation. Indeed, the IRC provides that

> [w]hen required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement *according to the forms* and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information *required by such forms* or regulations.

26 U.S.C. § 6011(a) (emphasis added).[5] As discussed below, the relevant forms and their instructions require that copies of those forms be attached to the tax return filed with the IRS.

■ Although neither the IRC nor the Treasury Regulations expressly require a foreign corporation to attach the Form 8805 to its tax return, the instructions on the face of the Form 1120–F require the submission of the Form 8805 with the income tax return whenever the taxpayer is claiming any amount from that form on Line 6h of the return. *See* Def.'s Resp. Ex. 1 at E–2. In addition, one of the four copies of the Form 8805 (Copy C) states on its face that it is to be attached to the federal income tax return filed with the IRS. *See id.* Ex. 3 at E–32. Finally, the instructions for the Form 8805 expressly provide that "[f]oreign partners must attach Form 8805 to their U.S. income tax returns to claim a credit for their shares of the section 1446 tax withheld by the partnership." *Id.* Ex. 4 at E–35. Based on the directions presented on the face of the return, as well as those on the face of Copy C of the Form 8805 and the instructions for that form, the court concludes that the Form 8805 is required to be filed with the income tax return.

Like the Form 8805, Copy C of the Form 1042–S states on its face that it too must be filed with the tax return. *Id.* Ex. 5 at E–47. Similarly, the instructions for the tax return list the Form 1042–S as a document that may be required to be filed with the tax return.[6] *Id.* Ex. 2 at E–10. Those instructions direct the taxpayer to review the forms themselves to determine whether they must be filed with the return. *Id.* As noted above, one of the five copies of the Form 1042–S (Copy C) expressly states on its face that it is to be attached to the federal income tax return filed with the IRS.

Plaintiff cites to two regulations in support of its argument that a foreign corporation is not required to file a copy of the Form 1042–S with its tax return. Neither of those regulations is relevant to the present case. First, plaintiff points to Treasury Regulation

---

5. Defendant also notes that the Treasury Regulations provide that the "Internal Revenue Service may prescribe in *forms, instructions, or other appropriate guidance* the information or documentation required to be included with any return...." 26 C.F.R. § 301.6011–1(b) (2010) (emphasis added). However, it appears that the version of Treasury Regulation 301.6011–1 cited by defendant was not adopted until 2003. *See* Treasury Decision 9040, 68 Fed.Reg. 4918, 4921 (January 31, 2003) (amending the Treasury Regulations to include the cited version of the regulation).

6. Defendant also points to the following portion of the instructions for the Form 1120–F in support of its argument that the Forms 8805 and 1042–S must be filed with the return:

> If a foreign corporation has only income that is not effectively connected with the conduct of a U.S. trade or business and Form 1120–F is being used as a claim for a refund or credit of tax paid or withheld at the source, attach Form(s) 1042–S, 8805, 8288–A, etc., to the return to verify the amount(s) of withholding credit reported.

Def.'s Resp. Ex. 2 at E–13. This statement does not apply to plaintiff because at least some of its income was connected to the conduct of a U.S. trade or business. *See id.* Ex. 6 at A–112.

301.6402–3(e), and purports to quote from that regulation as follows:

> In the case of a foreign corporation seeking a refund claim, Form 1042–S was required to be attached to the return *ONLY if overpayment of tax resulted from the withholding of tax under Chapter 3 of the Internal Revenue Code (Code), a copy of the Form 1042–S required to be provided to the beneficial owner pursuant to Section 1.1461–1(c)(1)(i)* of this chapter must be attached to the return.

Pl.'s Mot. at 14 (emphasis supplied by plaintiff). There are a number of problems with this ostensible block quote. First, as discussed below, it appears that plaintiff has attempted to quote a version of Treasury Regulation 301.6402–3(e) that was not in effect during the relevant time period. In addition to quoting from the wrong version of the regulation, it appears that plaintiff has presented its own editorial commentary on the proper interpretation of the regulation as if it were language within the regulation itself.[7] The regulation that plaintiff attempts to quote actually reads, in relevant part, as follows:

> In the case of a nonresident alien individual or foreign corporation, the appropriate income tax return on which the claim for refund or credit is made must contain the tax identification number of the taxpayer required pursuant to section 6109 and the entire amount of income of the taxpayer subject to tax, even if the tax liability for that income was fully satisfied at source through withholding under chapter 3 of the Internal Revenue Code (Code). Also, if the overpayment of tax resulted from the withholding of tax at a source under chapter 3 of the Code, a copy of the Form 1042–S required to be provided to the beneficial owner pursuant to § 1.1461–1(c)(1)(i) of this chapter must be attached to the return.

26 C.F.R. § 301.6402–3(e) (effective January 1, 2001).

In short, the misquoted regulation provides that a taxpayer must attach a copy of the Form 1042–S to its tax return whenever an overpayment of taxes resulted from withholding at the source pursuant to chapter 3 of the IRC. The actual regulation does not—contrary to plaintiff's modified version of that provision—state that a taxpayer is required to attach a Form 1042–S to its tax return *only* when an overpayment of income taxes resulted from withholding under chapter 3.

In addition, as defendant notes, the version of Treasury Regulation 301.6402–3(e) that plaintiff attempts to quote did not become effective until January 1, 2001. *See* Treasury Decision 8804, 63 Fed.Reg. 72183 (December 31, 1998) (postponing the effective date of regulation to January 1, 2000); Treasury Decision 8856, 64 Fed.Reg. 73408 (December 30, 1999) (postponing the effective date of regulation to January 1, 2001). The regulation in effect during the relevant period does not even mention the Form 1042–S, and instead provides that, when an overpayment of income taxes results from withholding at the source, the taxpayer must attach to its tax return a written statement describing, *inter alia*, each of the claimed withholding credits and the names and addresses of each of the withholding agents. *See* 26 C.F.R. § 301.6402–3(e) (effective before January 1, 2001). In other words, the regulation required a taxpayer to provide the same information that is contained in the Form 1042–S whenever an overpayment of income taxes was the result of withholding at the source. It did not provide, however, that the attachment of that information was required *only* in those circumstances. Under either version of the regulation, it is clear that Treasury Regulation 301.6402–3(e) is irrelevant to the present case.

Plaintiff further asserts that Treasury Regulation 1.1461–1(c)(1)(i), which is referenced in Treasury Regulation 301.6402–3(e), requires the attachment of a Form 1042–S to an income tax return only when an overpayment of income taxes is solely attributable to taxes withheld at the source pursuant to sections 1441, 1442 or 1443 of the IRC. Plaintiff then proceeds to argue that its overpay-

---

7. Although defendant raised this issue in its response, *see* Def.'s Resp. at 15–16, plaintiff made no attempt to explain in its reply the discrepancy between its purported block quote and the actual language of the regulation.

434

ment was not caused by withholding under any of those sections. However, the cited regulation establishes when a *withholding agent* is required to generate a Form 1042–S; it does not address the separate issue of when a *taxpayer* is required to attach that form to its tax return. *See* 26 C.F.R. § 1.1461–1(c)(1)(i) (2001).[8] In short, both of the cited regulations are wholly inapplicable to the present case and do not persuade the court that a foreign corporation is not required to file copies of its Forms 1042–S and 8805 with its tax return. For the foregoing reasons, the court concludes that the Form 8805 and the Form 1042–S were "required attachments" as that term is used in section 6611(g).[9]

### 2. Mathematical Verification of Tax Liability

■■■ Plaintiff argues that an income tax return may be in processible form even when it is missing documents that are otherwise required to be attached to that return. Plaintiff notes that section 6611 requires only that an income tax return contain "*sufficient* required information, whether on the return itself *or* on required attachments," as long as that information permits the mathematical verification of the tax liability shown on the

8. The court notes that the version of Treasury Regulation 1.1461–1 cited by plaintiff did not become effective until January 1, 2001, more than three months after plaintiff had filed its original tax return. *See* Treasury Decision 8881, 65 Fed.Reg. 32152 (May 22, 2000) (providing that the cited regulation would become effective on January 1, 2001).

9. In *Columbia Gas*, the Federal Circuit uses the term "required forms," instead of "required attachments." The court believes that the terms are nearly synonymous, although the use of the word "forms" could be interpreted to include both the tax return and any required attachments, while the word "attachments" refers to the required forms attached to the tax return, but not the return itself. Because there is no question that plaintiff filed its Form 1120–F, any distinction between those two terms is irrelevant here.

10. Plaintiff further argues that the legislative history of section 6611 provides additional support for its interpretation of that statutory language. Specifically, plaintiff quotes the following language from the Senate Report on the legislation:

The return is in processible form if it is on a permitted form; contains sufficient taxpayer

return.[10] Although that interpretation might be viewed as inconsistent with the standard articulated by the Federal Circuit in *Columbia Gas* (at least as interpreted by defendant), the court need not resolve that legal issue here because it concludes that the income tax return filed in September 2000 did not on its face contain sufficient information to allow the mathematical verification of plaintiff's income tax liability for 1999. The return thus fails to meet even the lower threshold for processibility now urged by plaintiff.

Section 6611(g) of the IRC requires "sufficient required information" to permit the mathematical verification of the tax liability shown on the return.[11] Plaintiff first argues that all of the information needed to mathematically verify its income tax liability was presented on the face of its tax return and therefore asserts that the return was in processible form even without the related Form 8805 or Forms 1042–S. In addition, plaintiff argues that its tax return could have been mathematically verified by the IRS without an undue burden because the IRS already had the missing documents in its possession. Both of those arguments are without merit.

identifying information and signatures; and sufficient information to permit the Secretary to verify mathematically the amount of tax liability shown on the return.
S. Rep. 97–494, Vol. I, 214, 1982 U.S.C.C.A.N. 781, 1049 (1982). However, the quoted language is nothing more than a nearly verbatim restatement of the statutory language itself, and thus fails to provide any additional insight into the proper interpretation of that language.

11. In this opinion, the court holds that the income tax return was not in processible form when initially filed because it did not contain sufficient information to allow the *mathematical* verification of tax liability. Defendant appears to further suggest that section 6611(g) of the IRC also requires taxpayers to furnish sufficient information to allow defendant to confirm the *veracity or accuracy* of the data presented in the return. As noted by plaintiff, all income tax returns must be signed by the taxpayer under penalty of perjury, and section 7602 of the IRC establishes a comprehensive framework for auditing and investigating potentially fraudulent tax returns. The court does not address whether section 6611(g) requires the submission of documentation to substantiate the accuracy, veracity or merits of the figures reported in the return.

On its 1999 tax return, Deutsche Bank claimed a total of $13,256,721 in credit for income taxes withheld at the source. That amount was based on individual withholding credits reported on one Form 8805 and five different Forms 1042–S, which had been prepared by six different withholding agents. Deutsche Bank's tax return did not indicate the amount withheld by each of those withholding agents, but rather simply presented an aggregate withholding amount representing the sum of the individual withholding credits reported on the forms.[12] The information contained in each of those information returns is presented in the table below.

| Form | Withholding Agent | Amount |
| --- | --- | --- |
| 1042–S | The Bank of New York | $ 389,648 |
| 1042–S | Deutsche Bank Financial Inc. | $ 375,445 |
| 1042–S | Deutsche Bank AG Frankfurt | $12,028,290 |
| 1042–S | Deutsche Bank AG London | $ 58,018 |
| 1042–S | Morgan Grenfell & Co. Ltd. | $ 61,464 |
| 8805 | 40 West 53rd Associates L.P. | $ 332,616 |
| TOTAL | | $13,245,481 |

Stip. Ex. 4 at A–12; Ex. 6 at A–114 to A–115, A–117 to A–120. In preparing its annual tax return, plaintiff should have reviewed its Form 8805 and Forms 1042–S in order to confirm that the sum of the individual amounts shown on those forms matched the total withholding credit reported on its tax return. However, as reflected in the table above, Deutsche Bank miscalculated the total withholding amount by approximately $11,-000—*i.e.*, it claimed a total of $13,256,721 in withholding credits on its tax return when the sum of the individual credits reported on the forms totaled only $13,245,481. Upon reviewing its Form 8805 and Forms 1042–S, plaintiff identified the mathematical error contained in its tax return and notified the IRS of the mistake.

Similarly, the IRS must review the individual information returns in order to confirm that the withholding amount claimed on a tax return matches the sum of the individual amounts shown on the information returns. The absence of the required forms in this case would have prevented defendant from discovering the mathematical error in total withholding credits during its initial review of Deutsche Bank's income tax return. Despite its own mathematical error, plaintiff nonetheless argues that its tax return was in processible form when it was first filed because it was ultimately processed by the IRS without the need to consult the omitted forms. Under its reading of *Columbia Gas,* an income tax return is in processible form as long as it is successfully processed by the IRS without the submission of any additional data not included with the original return. Plaintiff asserts that its tax return was in processible form when originally filed because the return "contained sufficient information to permit accurate processing." Pl.'s Mot. at 10.

Deutsche Bank's argument, however, sets forth a *non sequitur* and faulty premise. The original tax return, which failed to attach the Forms 1042–S and Form 8805, contained an erroneous withholding tax credit amount on Line 6h. The computational error was identified by plaintiff in its letter accompanying the resubmitted tax return. Plaintiff contends that because the IRS failed to correct Deutsche Bank's tax return to properly reflect the tax credits as set forth in the Forms 1042–S and Form 8805 once it finally received those missing forms, such an inaction or error on the part of the IRS means that the tax return was in processible form in the first instance, without those forms. Such a contorted conclusion finds no basis in either logic or in the legal tenets of *Columbia Gas.* The failure of the IRS to correct plaintiff's tax return reflects nothing more than a failure of the IRS to correct plaintiff's tax return. Defendant's inaction or negligence in this regard does not transform an inaccurate return missing certain required forms into a tax return which is in processible form. Thus, despite the fact that the IRS either inadvertently or intentionally ignored the mathematical repercussions of plaintiff's Forms 1042–S and Form 8805, defendant's failure to correct plaintiff's miscalculation of

---

12. The court notes that the withholding credit reported on the Form 8805 is reported as a separate figure on the second page of the tax return. *See* Stip. Ex. 6 at A–121. However, the taxes withheld by each of the other withholding agents and reported on the Forms 1042–S are not reported as separate figures on the tax return.

its withholding tax credits does not mean that those forms were unnecessary for the mathematical verification of plaintiff's income tax liability. Indeed, but for defendant's insistence that plaintiff produce its Forms 1042–S and Form 8805, it is apparent that plaintiff would have never discovered its mathematical error. Without the missing forms, the tax return did not contain sufficient information to allow the mathematical verification of the income tax liability shown on the tax return.

Finally, plaintiff further argues that while the Form 8805 and Forms 1042–S were not attached to its tax return, defendant was in possession of those documents and could have used its own copies of the information returns to mathematically verify the tax liability shown on the tax return without undue burden. Defendant does not appear to dispute that the Forms 1042–S were filed with the IRS by the various withholding agents on or before March 15, 2000, and that the Form 8805 was filed by the withholding agent with the IRS by that date as well. The parties disagree, however, with respect to whether the IRS could have accessed those documents from its computer database without undue burden.

While there appears to be a genuine factual dispute with respect to whether the IRS could have used its own copies of the omitted forms to calculate the tax liability shown on the income tax return, the court holds that such a dispute is immaterial to the pending motion for summary judgment. Section 6611(g) does not use the term "undue burden." Rather, that section merely provides that a tax return is processible only when it "contains ... sufficient required information (whether on the return or on required attachments) to permit the mathematical verification of tax liability shown on the return." 26 U.S.C. § 6611(g)(2)(B) (emphasis added). It is clear that the original tax return filed by plaintiff in September 2000 did not contain the requisite information presented on the Form 8805 and Forms 1042–S, either on its face or on any attachments to the return. The fact that the IRS might have obtained that information elsewhere without an undue burden is irrelevant under section 6611.

■ Similarly, the Federal Circuit's discussion in *Columbia Gas* explains that, under section 6611, "a *taxpayer must submit,* in good faith ... enough underlying data for IRS to verify the tax liability shown on the return." 70 F.3d at 1246 (emphasis added). It is the data that is actually submitted by the taxpayer with its return—and not all information available to the IRS from some other source—that must enable the IRS to calculate the tax liability shown on the return without an undue burden. In other words, the "undue burden" standard articulated in *Columbia Gas* does not impose an obligation upon the IRS to search its extensive records for the purpose of obtaining data that should have been attached to the tax return by the taxpayer in the first place. On the contrary, the term "undue burden," as used in that case, is most reasonably interpreted as limiting the duties of the IRS in processing income tax returns.

One can conceive of a situation, for example, in which a taxpayer has filed its tax return with all of the required forms and with information sufficient to theoretically allow the mathematical verification of tax liability, but in a form or organized in such a manner that requires an unreasonable expenditure of time and resources to perform the required calculations. The court is not, in this instance, presented with such a scenario or with any circumstances which would warrant an examination of whether any undue burden was imposed upon the government with respect to the processibility of the income tax return. Here, since plaintiff's tax return, on its face, failed to provide sufficient information to permit the mathematical verification of Deutsche Bank's tax liability, plaintiff's only other recourse under section 6611 or *Columbia Gas* was to have provided such information by attaching the required Forms 8805 and 1042–S to its tax return, which plaintiff failed to do. Because plaintiff has failed to demonstrate that it is entitled to judgment as a matter of law, the court denies its motion for summary judgment.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment, filed March 15, 2010, is **DENIED;**

(2) The parties are directed to **CONFER** to determine how they wish to proceed with respect to the remaining issues in this case and whether these matters may be settled by the parties;

(3) The parties shall **FILE** a **Joint Status Report** by **November 30, 2010** proposing the next steps in this litigation; and

(4) Each party shall bear its own costs.