# United States Court of Appeals for the Federal Circuit

---

**DEUTSCHE BANK AG,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5062

---

Appeal from the United States Court of Federal Claims in No. 08-CV-0569, Judge Lynn J. Bush.

---

Decided: February 18, 2014

---

FRANK AGOSTINO, Agostino & Associates, PC, of Hackensack, New Jersey, argued for plaintiff-appellant. With him on the brief was SON-YUNG ERICA SON.

DEBORAH K. SNYDER, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were KATHRYN KENEALLY, Assistant Attorney General, and RICHARD FARBER, Attorney.

---

Before RADER, *Chief Judge,* LOURIE and PROST, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Deutsche Bank AG ("Deutsche Bank") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") denying Deutsche Bank's motion for summary judgment and holding that Deutsche Bank was not entitled to additional interest on an overpayment of its 1999 income tax. *See Deutsche Bank AG v. United States*, 95 Fed. Cl. 423 (2010). Because we conclude as a matter of law that Deutsche Bank's 1999 income tax return was not filed by the extended return filing due date in processible form to commence the accrual of overpayment interest, we affirm.

## BACKGROUND

Deutsche Bank filed its 1999 income tax return on or before September 15, 2000 ("the original return"), after obtaining a six-month extension of time from the return filing due date of March 15, 2000. *Deutsche Bank*, 95 Fed. Cl. at 426. The original return consisted of Form 1120F (U.S. Income Tax Return of a Foreign Corporation) and supporting documents. On the first page of Form 1120F, Deutsche Bank reported a total tax of $105,725,463 (line 5), a total payment of $188,256,721 (line 6i) including credit for taxes withheld at the source in the amount of $13,256,721 (line 6h), and a resulting overpayment of $82.5 million (line 9), which Deutsche Bank requested to be credited to the 2000 tax year. J.A. 146.

Form 1120F does not itemize the withholding credit reported on line 6h, which is the total of individual taxes withheld at different sources. *Deutsche Bank*, 95 Fed. Cl. at 431. The individual withholding credits are derived from information returns such as Internal Revenue Service ("IRS") Form 8805 (Foreign Partner's Information Statement of Section 1446 Withholding Tax) and Form 1042-S (Foreign Person's U.S. Source Income Subject to Withholding), which are issued by a withholding agent to the taxpayer to report income paid or allocated to that

taxpayer and taxes withheld on behalf of that taxpayer. The withholding agent prepares duplicative copies of an information return, sends one copy directly to IRS, retains one copy for its records, and sends the remaining copies, *e.g.*, two copies of Form 8805 or three copies of Form 1042-S, to the taxpayer. *Id.*

For the 1999 tax year, Deutsche Bank received one Form 8805 and five Forms 1042-S from six different withholding agents. *Id.* The instructions for 1999 Forms 1120F, 8805, and 1042-S and statements on those forms required Deutsche Bank to attach Forms 8805 and 1042-S to its federal income tax return. *Id.*; *see also* J.A. 281, 289, 311, 314, 326. Deutsche Bank, however, did not attach Forms 8805 and 1042-S. *Deutsche Bank*, 95 Fed. Cl. at 426. IRS sent the original return back unprocessed and requested documentation to support the $13,256,721 withholding credit claimed on line 6h. *Id.*

Deutsche Bank resubmitted the original return with Forms 8805 and 1042-S in November 2000 ("the resubmitted return"). *Id.* In an accompanying letter, Deutsche Bank informed IRS that upon review of the forms, it discovered that it had overstated the withholding credit by $11,240 and therefore that the correct amount on line 6h should have been $13,245,481 and that the claimed overpayment should have been reduced by $11,240. J.A. 46. IRS processed the resubmitted return without correcting the $11,240 error and credited the overpayment to the 2000 tax year. *Deutsche Bank*, 95 Fed. Cl. at 426.

In March 2002, Deutsche Bank filed an amended 1999 income tax return on Form 1120X (Amended U.S. Corporation Income Tax Return) claiming an additional refund of $59 million based on a valuation adjustment. IRS issued the $59 million refund in November 2002 along with $5 million in overpayment interest for the period from January 1, 2001 to November 14, 2002. *Id.* When Deutsche Bank requested additional interest from March

15 to December 31, 2000, IRS contended that the original return was not filed in processible form. Because no interest on overpayment accrues before a return is filed in processible form, IRS explained that Deutsche Bank was entitled to interest only from January 1, 2001, the date on which IRS had recorded the resubmitted return as filed. *Id.* at 427.

Deutsche Bank sued the United States in the Claims Court for additional interest on the $59 million overpayment and moved for summary judgment. The court denied the motion, holding that the original return was not in processible form because Deutsche Bank "did not include all of the required documentation with its original income tax return" and that "the initial return did not itself contain sufficient information to allow the mathematical verification of income tax liability." *Id.* at 425–26. The parties subsequently stipulated that the resubmitted return was filed on December 4, 2000 and the United States agreed to pay interest from December 4 to December 31, 2000. The court then entered final judgment for the United States.

Deutsche Bank appeals to this court seeking interest for the period from March 15 to December 3, 2000. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

In an appeal from the Claims Court, we review the court's legal conclusions *de novo* and its factual findings for clear error. *Columbia Gas Sys., Inc. v. United States*, 70 F.3d 1244, 1246 (Fed. Cir. 1995). Statutory interpretation is a question of law. *Id.* We review the Claims Court's denial of summary judgment *de novo* when the disputed issues concern the interpretation of a statute. *Massie v. United States*, 166 F.3d 1184, 1187 (Fed. Cir. 1999). If there are no material facts in dispute precluding summary judgment, then our task is to determine whether the judgment granted is correct as a matter of law.

*Bankers Trust N.Y. Corp. v. United States*, 225 F.3d 1368, 1372 (Fed. Cir. 2000).

A taxpayer claiming a refund in a tax return is entitled to interest on overpayment when the refund is issued more than forty-five days after the initial due date for filing the return or the actual return filing date, whichever occurs later.  26 U.S.C. § 6611(a), (e) (2000).[1]  If the return is timely filed, then interest accrues from the date of the overpayment, which is generally the initial return filing due date.  *Id.* § 6611(b)(2), (d).  However, if the return is filed late, *i.e.*, "after the last date prescribed for filing such return determined with regard to extensions, no interest shall be allowed or paid for any day before the date on which the return is filed."  *Id.* § 6611(b)(3).  In that case, interest accrues from the date on which the late return was filed.  To determine the return filing date, section 6611(g) provides that:

> (1) For purposes of subsections (b)(3) and (e), a return shall not be treated as filed until it is filed in *processible form*.
>
> (2) For purposes of paragraph (1), a return is in a processible form if—
>
> (A) such return is filed on a permitted form, and
>
> (B) such return *contains*—
>
>> (i) the taxpayer's name, address, and identifying number and the required signature, and

---

[1]    The Internal Revenue Code (I.R.C. or the "Code") is codified in Title 26 of the United States Code.  We apply the version of the Code that was in effect at the time of the allowance of the overpayment refund, *i.e.*, November 2002.  *Pottstown Iron Co. v. United States*, 282 U.S. 479, 481 (1931).

> (ii) *sufficient required information (whether on the return or on required attachments) to permit the mathematical verification of tax liability shown on the return.*

*Id.* § 6611(g) (emphases added).

The issue in this case is whether Deutsche Bank's original return without Forms 8805 and 1042-S met the requirements of section 6611(g) to be in processible form. If the original return was processible, then interest began to accrue on March 15, 2000, the initial filing due date. On the other hand, if the original return was not processible, then interest began to accrue on December 4, 2000, the stipulated filing date of the resubmitted return.

It is undisputed that the original return satisfied the requirements of sections 6611(g)(2)(A) and 6611(g)(2)(B)(i). *Deutsche Bank*, 95 Fed. Cl. at 430. The parties disagree, however, on whether the original return contained sufficient required information on the return or the required attachments to permit the mathematical verification of tax liability under section 6611(g)(2)(B)(ii), and the Claims Court held that it did not. *Id.* First, the court concluded that Forms 8805 and 1042-S "were 'required attachments' as that term is used in section 6611(g)." *Id.* at 434. Secondly, the court concluded that "[w]ithout the missing forms, the tax return did not contain sufficient information to allow the mathematical verification of the income tax liability shown on the tax return." *Id.* at 436. We review each of those conclusions in turn.

## I.

Deutsche Bank argues that Forms 8805 and 1042-S are not "required attachments" because they were not required by any statute or regulation. Deutsche Bank contends that the Claims Court erroneously relied on non-binding statements contained in IRS forms and form

instructions and general compliance rules of section 6011. Deutsche Bank argues that for purposes of calculating interest, the specific requirement of section 6611(g)(2) supersedes the general requirement of section 6011. Deutsche Bank also asserts that the "required forms" that we referred to in *Columbia Gas* are forms on which a tax return is based, such as Form 1120F, not information reporting attachments, such as Forms 8805 and 1042-S.

The government responds that the statements on the face of Forms 1120F, 8805, and 1042-S, the instructions accompanying those forms, and the general requirement of a return under section 6011(a) provided ample basis for the court's conclusion that Forms 8805 and 1042-S were required. Moreover, the government argues that nothing in section 6611(g) limits the term "required attachments" to only those that are specifically mentioned in statutes or regulations. The government also responds that IRS required the filing of Forms 8805 and 1042-S to allow the mathematical verification of the claimed withholding credits and the tax liability shown on the return.

We agree with the government that Forms 8805 and 1042-S were required attachments under section 6611(g). As a general matter, IRS had the authority to require Deutsche Bank to attach Forms 8805 and 1042-S to its 1999 tax return. Section 6011 of the Code provides that a taxpayer "shall make a return or statement according to the forms and regulations prescribed by the Secretary [and] shall include therein the information required by such forms or regulations." 26 U.S.C. § 6011(a) (2000). The requirement to include Forms 8805 and 1042-S in Deutsche Bank's 1999 tax return appears not only on the face of those forms and the form instructions but also on the principal tax return form, Form 1120F, and its instructions. J.A. 281, 289, 311, 314, 326. Deutsche Bank's original return failed to satisfy that requirement.

The Claims Court did not err in relying on the general compliance rule of section 6011(a) and IRS form instructions to determine whether Forms 8805 and 1042-S were "required attachments" under section 6611(g)(2)(B)(ii). Congress enacted sections 6611(b)(3) and 6611(g)[2] to restrict payment of interest for certain time periods, such that interest on an overpayment does not accrue until the return reporting the overpayment is filed in processible form. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 316, 96 Stat. 324, 636–37 (1982). The interest provision was one of the provisions designed to improve taxpayer compliance with internal revenue rules. S. Rep. No. 97-494 (I), at 76, 88–89 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 846, 858 ("The bill contains a series of provisions designed to encourage complete and accurate reporting of income and deductions . . . includ[ing] provisions . . . amending the methods under which interest on tax deficiencies and overpayments is computed."). Thus, rather than superseding the requirement of section 6011(a), Congress enacted section 6611(g) in part to improve compliance with the existing compliance rules. Because Forms 8805 and 1042-S were required under section 6011(a) and IRS form instructions, the Claims Court correctly concluded that those forms were "required attachments" under section 6611(g)(2)(B)(ii). *Deutsche Bank*, 95 Fed. Cl. at 434.

That conclusion, however, does not end the inquiry concerning whether Deutsche Bank's original return satisfied section 6611(g)(2)(B)(ii). A failure to file a "required attachment" does not in and of itself result in noncompliance with section 6611(g)(2)(B)(ii). The ultimate question is whether the original return contained

---

[2]    26 U.S.C. § 6611(g) was first enacted in 1982 as 26 U.S.C. § 6611(i) and subsequently renumbered upon the deletion of other subsections of the statute.

"*sufficient required information* (whether on the return *or* on required attachments)" to permit mathematical verification. 26 U.S.C. § 6611(g)(2)(B)(ii) (2000) (emphases added). Moreover, we have held that "[m]athematical verifiability requires *sufficient information* to permit IRS to recalculate and corroborate the mathematics and data reported by the taxpayer." *Columbia Gas*, 70 F.3d at 1246 (emphasis added). A return without a required attachment may nonetheless be processible when the information contained on that missing attachment is readily available elsewhere in the return or when the information is irrelevant to mathematical verification. Conversely, a return is not in processible form when the failure to file a required attachment results in a lack of required information that is necessary for mathematical verification.

## II.

We turn then to the question whether Deutsche Bank's original return contained sufficient required information to permit the mathematical verification of tax liability. Deutsche Bank argues that Congress used the term "tax liability" rather than "overpayment" in section 6611(g)(2)(B)(ii) and thus that "tax liability" means total tax (*e.g.*, line 5, Form 1120F) without consideration of tax payments such as withholding credits. Deutsche Bank alternatively argues that even if "tax liability" encompasses overpayment, the original return was sufficient because IRS could mathematically verify the overpayment using the total withholding credit reported on Form 1120F. Deutsche Bank also contends that the original return was processible because IRS processed the resubmitted return without correcting the $11,240 error and thus Forms 8805 and 1042-S were not necessary. Deutsche Bank argues that IRS could mathematically verify the total withholding credit without undue burden because it had received copies of Forms 8805 and 1042-S from the withholding agents.

The government responds that because section 6611(g) concerns interest on overpayment, "tax liability" used therein includes either an underpayment or overpayment, *i.e.*, the difference between total tax and total payment, whether positive or negative. The government contends that Deutsche Bank's original return was insufficient because it did not contain enough underlying data necessary to mathematically verify the total withholding credit as well as the overpayment claimed on the return. The government also responds that the statute requires a processible return to contain sufficient required information and thus it is irrelevant whether IRS could have used documents received from other sources.

We agree with the government that Deutsche Bank's original return did not contain sufficient information to permit the mathematical verification of tax liability. "Tax liability" in section 6611(g)(2)(B)(ii) means underpayment or overpayment, and payments made by the taxpayer including withholding credits are relevant to the mathematical verification of tax liability. Section 6611 concerns interest on overpayment. An overpayment arises when tax payments exceed the tax imposed by the Code, and the amount of overpayment and the interest due on such overpayment cannot be determined without calculating the amount of tax payments already made by the taxpayer.

When Congress enacted section 6611(g), it explained the reason for the change:

> The committee believes that it is inappropriate to require that the United States pay interest on amounts prior to the time it has notice that it owes such an amount. Thus, no interest is payable with respect to any overpayment until the Secretary can determine that such an overpayment exists (or, in the case of an underpayment, that the underpayment is reduced) by way of a notice

> of such overpayment (or reduced underpayment) being filed in processible form.

S. Rep. No. 97-494 (I), at 307 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1049. Accordingly, Congress used the term "tax liability" in section 6611(g)(2)(B)(ii) to encompass both overpayments and underpayments and intended that a processible return contain sufficient required information to permit the mathematical verification of the existence and amount of overpayment or underpayment. *Id.* at 307–08.

Deutsche Bank did not file Forms 8805 and 1042-S in its original return, and, as a result, submitted insufficient information concerning the individual withholding credits to allow the mathematical verification of the total withholding credit claimed on the return. We therefore conclude that the missing information is "required information" under section 6611(g)(2)(B)(ii) because it was contained on "required attachments": Forms 8805 and 1042-S. Moreover, because that information was relevant and necessary to permit the mathematical verification of the total withholding credit and the tax liability, and was unavailable from the return or any attachment submitted with the return, Deutsche Bank's original return did not contain "sufficient required information" to satisfy the requirement of section 6611(g)(2)(B)(ii).

"Mathematical verifiability requires sufficient information to permit IRS to recalculate and corroborate the mathematics and data reported by the taxpayer." *Columbia Gas*, 70 F.3d at 1246. Without the information on individual withholding credits, IRS could not "recalculate and corroborate the mathematics and data" reported by Deutsche Bank. Indeed, Deutsche Bank made a mathematical error of $11,240 in the total withholding credit, and therefore the overpayment claimed on the original return, which could not have been easily discovered without Forms 8805 and 1042-S. Mere notice of a claimed

overpayment without the required underlying data does not meet the terms of the statute.

Because the language of section 6611(g)(2) requires the tax return to *contain* sufficient required information, whether IRS could have used its audit power or could have used the forms submitted by the withholding agents to verify Deutsche Bank's claimed overpayment is irrelevant. As we explained in *Columbia Gas*, a "taxpayer" must submit sufficient data for IRS to mathematically verify the tax liability shown on the return without undue burden. *Columbia Gas*, 70 F.3d at 1246.

We have considered Deutsche Bank's remaining arguments and find them unpersuasive. We therefore conclude that the original return did not comply with the requirement of section 6611(g)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, Deutsche Bank is not entitled to interest on the $59 million overpayment for the period from March 15 to December 3, 2000, and we affirm the decision of the Claims Court.

## **AFFIRMED**